```
                                    F I L E D
                                CLERK, U.S. DISTRICT COURT
                                    11/9/2022
                                CENTRAL DISTRICT OF CALIFORNIA
                                BY: ___ram___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

April 2022 Grand Jury

| UNITED STATES OF AMERICA, | ED CR No. 22-00258-JGB |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii): Possession with Intent to Distribute, Methamphetamine; 18 U.S.C. § 924(c)(1)(A)(i): Carrying a Firearm During and in Relation to, and Possession of a Firearm in Furtherance of, a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| DANIEL RODRIGUEZ, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]

On or about April 12, 2022, in Riverside County, within the Central District of California, defendant DANIEL RODRIGUEZ knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 24.96 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about April 12, 2022, in Riverside County, within the Central District of California, defendant DANIEL RODRIGUEZ knowingly carried a firearm, namely, a Polymer 80, Glock-style, 9mm caliber semiautomatic pistol, bearing no legitimate serial number (commonly referred to as a "ghost gun"), during and in relation to, and possessed that firearm in furtherance of, a drug trafficking crime, namely, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about April 12, 2022, in Riverside County, within the Central District of California, defendant DANIEL RODRIGUEZ knowingly possessed the following ammunition, loaded within a Polymer 80, 9mm caliber semi-automatic handgun, bearing no legitimate serial number (commonly referred to as a "ghost gun"), in and affecting interstate and foreign commerce:

1. Ten rounds of Winchester 9mm Luger caliber ammunition;
2. Three rounds of Winchester 9mm caliber ammunition; and
3. Two rounds of Speer Blazer 9mm Luger caliber ammunition.

Defendant RODRIGUEZ possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of a Controlled Substance, in violation of Health and Safety Code Section 11377(a), in the Superior Court of the State of California, County of Riverside, case number SWF003135, on or about March 7, 2003;
2. Take Vehicle Without Owner Consent, in violation of Vehicle Code Section 10851(a), in the Superior court of the State of California, County of Riverside, case number RIF108874, on or about March 27, 2003;
3. Felon in Possession of a Firearm, in violation of California Penal Code Section 12021(a)(1), in the Superior Court of the State of California, County of Riverside, case number SWF010568, on or about February 8, 2005;
4. Possession of a Controlled Substance, in violation of Health and Safety Code Section 11377(a), in the Superior Court of the

State of California, County of Riverside, case number SWF021398, on or about November 13, 2007; and

    5.   Possession of a Controlled Substance While Armed with a Loaded Firearm, in violation of Health and Safety Code Section 11370.1, in the Superior Court of the State of California, County of Riverside, case number SWF1907062, on or about May 1, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from the offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in the offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Two or Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

 (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

 (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

[signature]

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office